# ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 0 2 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>SHANNON BRADLEY | Criminal Indictment<br><br>No. **1 : 14 - CR - 0441** |

THE GRAND JURY CHARGES THAT:

## Background

1. The Internal Revenue Service (IRS) is an agency of the United States Department of the Treasury responsible for the ascertainment and collection of revenue, including income tax revenue, and the disbursement of tax refunds to taxpayers whose tax payments in a particular year exceed the amount of their actual tax liability.

2. The Electronic Filing Program is a program instituted, directed, and operated by the IRS under which taxpayers, and registered tax preparers, are permitted to file income tax returns by electronically transmitting them via the internet.

3. All federal income tax returns filed using the IRS' Electronic Filing Program are transmitted to servers located in either Memphis, Tennessee or Martinsburg, West Virginia.

1

## COUNTS ONE through FIVE
### 18 U.S.C. § 1343
### Wire Fraud

4.  Starting at a date unknown through in or about February 2013, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the defendant, SHANNON BRADLEY, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the United States Department of the Treasury, Internal Revenue Service, and to obtain money and property, by means of materially false and fraudulent pretenses and representations, and for the purpose of executing the scheme and artifice to defraud, did cause interstate wire communications to be made in violation of Title 18, United States Code, Section 1343.

### Scheme and Artifice to Defraud

5.  It was part of the scheme to defraud that SHANNON BRADLEY, and others known and unknown to the Grand Jury, obtained taxpayers' personal identifying information, including names and social security numbers, for the purpose of filing fraudulent federal income tax returns.

6.  It was further part of the scheme to defraud that SHANNON BRADLEY, and others known and unknown to the Grand Jury, using personal identifying information stolen from an individual with the initials E.K., obtained an Electronic Filing Identification Number (EFIN) from the IRS in E.K.'s name that permitted electronically filing fraudulent federal income tax returns in such a

2

way as to make it appear that the returns were filed on the victims' behalf by E.K. as the victims' tax preparer.

7.  It was further part of the scheme to defraud that SHANNON BRADLEY, and others known and unknown to the Grand Jury, would and did electronically file fraudulent federal income tax returns using victims' personal identifying information, without the knowledge and consent of the victims, and stating that the tax preparer on the returns was E.K. and in so doing claimed a portion of the tax refunds in the form of tax preparer's fees for E.K.

8.  It was further part of the scheme to defraud that SHANNON BRADLEY, and others known and unknown to the Grand Jury, stated on the fraudulent federal income tax returns that E.K. worked as a tax preparer for a tax firm referred to in this Indictment as "C. Management."

9.  It was further part of the scheme to defraud that SHANNON BRADLEY, using a falsified Georgia driver's license with personal identifying information stolen from an individual with the initials B.C., opened and controlled a Bank of America account ending #5459 in the name of "B.C. dba C. Management," into which fraudulently obtained tax preparer's fees and tax refunds were deposited.

10.  It was further part of the scheme to defraud that SHANNON BRADLEY received the fraudulently obtained tax preparer's fees and tax refunds by causing them to be deposited by wire communications from the IRS, located outside of the State of Georgia, to the Bank of America account ending #5459 located in the Northern District of Georgia.

**Execution of Scheme and Artifice to Defraud**

11.  On or about the dates listed below for each count, in the Northern District of Georgia, the defendant, SHANNON BRADLEY, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses and representations, did with intent to defraud, cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, and sounds, namely, the fraudulent federal income tax returns, the tax preparer's fees, and tax refunds as described for each count below.

| Count | Date of Deposit | Tax Preparer's Fee Wired to C. Management Bank Account Ending # 5459 | Refund Check Also Deposited? (Y/N) | Actual Person (Initials) |
|-------|-----------------|----------------------------------------------------------------------|------------------------------------|--------------------------|
| 1 | 2/13/2013 | $300 tax preparer's fee from fraudulent tax return. | Y | A.D. |
| 2 | 2/13/2013 | $300 tax preparer's fee from fraudulent tax return. | Y | M.B. |
| 3 | 2/13/2013 | $300 tax preparer's fee from fraudulent tax return. | N | S.B. |
| 4 | 2/13/2013 | $300 tax preparer's fee from fraudulent tax return. | N | N.P. |
| 5 | 2/14/2013 | $300 tax preparer's fee from fraudulent tax return. | N | Z.H. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT SIX**
**18 U.S.C. § 1029(a)(3)**
**Access Device Fraud**

12. The factual allegations contained in paragraphs 1 through 11 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

13. Starting at a date unknown through in or about August 21, 2013, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the defendant, SHANNON BRADLEY, aided and abetted by others known and unknown to the Grand Jury, obtained taxpayers' personal identifying information, including names and social security numbers, for the purpose of filing fraudulent federal income tax returns.

14. The defendant, SHANNON BRADLEY, and others known and unknown to the Grand Jury, electronically filed fraudulent federal income tax returns, using victims' personal identifying information, without the knowledge and consent of the victims, said communications being directed to IRS servers located in Memphis, Tennessee or Martinsburg, West Virginia.

15. The defendant, SHANNON BRADLEY, and others known and unknown to the Grand Jury, caused the fraudulently issued tax refunds to be loaded onto debit cards issued by The Bancorp Bank.

16. On or about August 21, 2013, in the Northern District of Georgia, the defendant, SHANNON BRADLEY, knowingly and with intent to defraud, possessed 15 or more unauthorized access devices, namely, Bancorp debit cards,

5

obtained using tax refunds issued by the IRS as a result of fraudulent federal income tax returns filed by SHANNON BRADLEY, and others known and unknown to the Grand Jury.

All in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

### COUNTS SEVEN through EIGHTEEN
### 18 U.S.C. § 1028A(a)(1)
### Aggravated Identity Theft

17. The factual allegations contained in paragraphs 1 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

18.  On or about the dates listed below, in the Northern District of Georgia and elsewhere, the Defendant, SHANNON BRADLEY, aided and abetted by others, did knowingly transfer, possess, and use, without lawful authority a means of identification of another person, that is, he knowingly possessed and used the names and social security numbers of actual persons known to the Grand Jury, identified by their initials below, during and in relation to the federal felonies of wire fraud and access device fraud, as set forth in Counts One through Six of this Indictment:

| Count | Felony Violation | Date | Actual Person (Initials) |
|---|---|---|---|
| 7 | Wire Fraud as alleged in Count 1 | 2/13/2013 | A.D. |
| 8 | Wire Fraud as alleged in Count 2 | 2/13/2013 | M.B. |
| 9 | Wire Fraud as alleged in Count 3 | 2/13/2013 | S.B. |
| 10 | Wire Fraud as alleged in Count 4 | 2/13/2013 | N.P. |
| 11 | Wire Fraud as alleged in Count 5 | 2/14/2013 | Z.H. |
| 12 | Access Device Fraud as alleged in Count 6 | 8/21/2013 | N.B. |

6

| 13 | Access Device Fraud as alleged in Count 6 | 8/21/2013 | K.B. |
|----|-------------------------------------------|-----------|------|
| 14 | Access Device Fraud as alleged in Count 6 | 8/21/2013 | S.B. |
| 15 | Access Device Fraud as alleged in Count 6 | 8/21/2013 | J.B. |
| 16 | Access Device Fraud as alleged in Count 6 | 8/21/2013 | K.B. |
| 17 | Access Device Fraud as alleged in Count 6 | 8/21/2013 | K.C. |
| 18 | Access Device Fraud as alleged in Count 6 | 8/21/2013 | S.A. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE PROVISION

19.  Upon conviction of the offenses alleged in Counts One through Five of this Indictment, the defendant, SHANNON BRADLEY, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

20.  Upon conviction of the offense alleged in Count Six of this Indictment, the defendant, SHANNON BRADLEY, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations and any personal property used or intended to be used to commit the offense.

21.  If, as a result of any act or omission of the defendant, any property subject to forfeiture:

　　a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
*United States Attorney*

_____
TREVOR C. WILMOT
*Special Assistant United States Attorney*
Georgia Bar No. 936961

_____
STEVEN D. GRIMBERG
*Assistant United States Attorney*
Georgia Bar No. 312144

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

8