IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| | 1:14-CR-441-ELR-AJB |
| V. | |
| SHANNON BRADLEY | |

### MOTION TO SUPPRESS THE FRUITS OF THE WARRANTLESS SEARCH OF MR. BRADLEY'S CAR ON DECEMBER 6, 2012

Shannon Bradley was pulled over in his 2007 Chevrolet Silverado by a Douglas County police officer near Maxham Road and Thornton Road in Lithia Springs, Georgia in the wee hours of the morning on December 6, 2012. See Attachment A. According to the police report, Mr. Bradley's truck was observed to strike the center median at Bankhead Highway and Thornton Road. A Deputy Fowler ran the plates of the truck, Georgia tag PAG3577 and discovered that the registered owner of the truck, Shannon Bradley, was wanted by the Cobb County Sheriff's Office.

Douglas County Deputy Atkins got behind the truck, activated blue lights, and pulled it over. Atkins approached the driver's side of the truck and spoke to Mr. Bradley. After Mr. Bradley provided his driver's license as instructed, he was directed to get out of the truck. Mr. Bradley was then arrested.

Deputy Atkins reports that he asked Mr. Bradley for consent to search the truck. Mr. Bradley said no. Then Deputy Atkins called for a K-9 Officer to come to the scene. It is not known how long this took. A Deputy Tolbert arrived with his K-9, Hero. Hero came through with a positive alert for the *odor of narcotics*. The truck was then searched. No narcotics were found.

Instead, the result of the ensuing search was: a Georgia driver's license in the name of Bryant Clemons, but with Shannon Bradley's picture; a RUSH Visa card in the name of Bryant Clemons, an HTC black cell phone. The cell phone was searched at the scene without a warrant and found to contain a photograph that was used to make the suspected fraudulent license.

After the search, a charge of second degree forgery was added to Mr. Bradley's arrest.

The truck was not impounded. Instead, Mr. Bradley's sister was allowed to come and retrieve the truck from the scene.

Sometime after Mr. Bradley was taken from the patrol car, Deputy Atkins reported that he found suspected methamphetamines there. Atkins claims that the methamphetamine was not there before Mr. Bradley was placed in the back of the car.

The information about what was found in Mr. Bradley's truck was connected to an already ongoing fraud investigation relating to several area burglaries of tax preparation shops and related tax fraud. As a result, law enforcement officers sought and obtained a search warrant for Mr. Bradley's condominium at 3325 Piedmont Road. That search is addressed in a different motion.

**Discussion of Authority**

The Fourth Amendment provides:

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

Fourth Amendment to the United States Constitution (1789). The Supreme Court has held that, "The ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Brigham City v. Stuart*, 547 U. S. 398, 403 (2006). "Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Vernonia School Dist. 47J v. Acton*, 515 U. S. 646, 653 (1995). Such a warrant ensures that the inferences to support a search are "drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States*, 333 U. S. 10, 14 (1948).

"[S]earches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). See also *Kentucky v. King*, 563 U.S. ___ (2011). Thus, where a search is conducted without a warrant, the prosecution bears the heavy burden of proving the facts that justify the search under one of the recognized exceptions. *United States v. Jeffers*, 342 U.S. 48, 51 (1951).

Although it is true that the Government can sometimes successfully argue that a dog sniff can establish probable cause for a search, *Florida v. Harris*, 568 U.S. ___ (2013), the Supreme Court has held that police cannot prolong a traffic stop even for a short period of time for the purpose of conducting a dog sniff without running afoul of the Fourth Amendment.  Rodriguez v. United States, 575 U.S. ___ (January 21, 2015) ("We hold that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures").

In addition to the issue relating to the prolonging of the stop which the Court will have to flesh out at the evidentiary hearing, it also appears that officers searched Mr. Bradley's cellphone without a warrant and without a constitutionally valid excuse.  See *Riley v. California*, 573 U.S. ___ (2014) (officers must generally secure a warrant before search a cell phone).

The United States Supreme Court has consistently held that evidence seized by law enforcement officers must be suppressed if it is the product of unconstitutional police conduct. *See, e.g.*, *Wong Sun v. United States*, 371 U.S. 471 (1963); *Mapp v. Ohio*, 367 U.S. 643, 660 (1961); *Nordone v. United States*, 308 U.S. 338, 340-41 (1939).  Suppression is required unless there is an intervening act or event which removes the taint of the unlawful act of the officers. *Brown v. Illinois*, 422 U.S. 590, 598 (1975).  The courts, when making this determination, look to the temporal proximity of the illegal act and the resulting seizure or confession, the presence of intervening circumstances, and the purpose and flagrancy of the officer's misconduct.  *Id.* at 603-04.

CONCLUSION

WHEREFORE, we pray that the Court will hold an evidentiary hearing to address the various issues identified about that are germane to the suppression of the evidence found during the traffic stop and afterwards which can be identified as fruits of the unlawful police conduct. We further and respectfully submit that the following items should be considered discovery:

1. If there is any video of the stop, the video should be produced;

2. If there are any photographs of the stop or fruits of the stop;

3. Any and all training records relating to K9 Hero, including any training relating to what items Hero is trained to alert to;

4. The identification of who was in the patrol car prior to Mr. Bradley and any associated incident report;  and

5. The results of the test run on the suspected methamphetamine that was found inside the patrol car.

We would suggest that the evidentiary hearing would need to include testimony from the following witnesses at a minimum:

1. Deputy M. Atkins, DCS011PER000018;

2. Deputy Fowler;  and

3. Deputy Tolbert.

We further request that the Government educate itself as to *whether there is any Giglio* relating to any of the above officers of the law or to K-9 Hero for that matter.

We separately request that the Government turn over any Brady materials for Mr. Bradley's current case.

Respectfully submitted this 1st day of May, 2015.

*V. Natasha Perdew Silas*
Attorney for Shannon Bradley

FEDERAL DEFENDER PROGRAM, INC.
101 MARIETTA STREET
SUITE 1500
ATLANTA, GEORGIA 30303
NATASHA_SILAS@FD.ORG
404-688-7530

**Certificate of Electronic Filing**

This is to certify that I have this day electronically filed the foregoing pleading and expect that the system will perfect service upon Trevor Wilmot and Steve Grimberg, counsel for the Government.

This May 1st of 2015.

*V. Natasha Perdew Silas*